[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 16, 2006
THOMAS K. KAHN
CLERK

—————————————

No. 05-11428

—————————————

D. C. Docket No. 00-02820-CV-JEC-1

DEBORAH SCHWIER
THEODORE SCHWIER
MICHAEL CRAIG,

Plaintiffs-Appellees,

versus

CATHY COX,
in her official capacity as
Secretary of State of Georgia

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Northern District of Georgia

—————————————

**(February 16, 2006)**

Before BLACK, HULL and FARRIS[*], Circuit Judges.

_____

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

BLACK, Circuit Judge:

Appellant Cathy Cox, in her official capacity as Secretary of State of Georgia, appeals the district court's grant of summary judgment to Appellees Deborah Schwier, Theodore Schwier, and Michael Craig. Appellees attempted to register to vote in their respective counties. When they refused to disclose their social security numbers (SSNs) on their voter registration forms, however, the counties rejected their applications. Consequently, Appellees filed suit in federal district court, alleging Georgia's voter registration procedures and forms violated § 7 of the Privacy Act of 1974, Pub. L. No. 93-579, § 7, 88 Stat. 1896, 1909 (1974) (codified in notes to 5 U.S.C. § 552a (2000)), and section 1971 of the Voting Rights Act of 1870, 42 U.S.C. § 1971 (2000).

We considered the first appeal arising from this case in *Schwier v. Cox*, 340 F.3d 1284 (11th Cir. 2003). On May 14, 2002, the district court granted summary judgment to Appellant, finding § 7 of the Privacy Act and § 1971 of the Voting Rights Act do not create individual rights enforceable under 42 U.S.C. § 1983. We reversed the district court's judgment, holding Appellees could bring a private cause of action under § 1983 for violations of § 7 of the Privacy Act and § 1971 of the Voting Rights Act. *Id.* at 1297. Additionally, we remanded to the district court the following three issues: (1) "whether Georgia qualifies for the

2

'grandfather' exception of section 7(a)(2)(B) of the Privacy Act"; (2) "whether Georgia's Voter Registration Form complies with the notice requirements of section 7(b) of the Privacy Act"; and (3) "whether the disclosure of a potential voter's [SSN] is 'material' in determining whether he or she is qualified to vote under Georgia law for purposes of section 1971 of the Voting Rights Act." *Id.*

On January 31, 2004, the district court considered the parties' cross-motions for summary judgment on the three remanded issues. First, the district court concluded Georgia did not require all voter applicants to disclose their SSNs prior to January 1, 1975, and thus did not qualify for the § 7(a)(2)(B) grandfather exception. It therefore held Georgia violated § 7(a)(1) when it required Appellees to disclose their SSNs on their voter registration forms. Second, the district court determined Georgia must revise its voter registration forms and instructions to comply with the notice requirements of § 7(b), and, specifically, must expressly inform voter applicants they are not required to provide their SSNs. Third, the district court held Georgia cannot mandate disclosure of SSNs because such information is not "material" to a voter registration system under § 1971(a)(2)(B) of the Voting Rights Act. Accordingly, the district court granted Appellees' motion for summary judgment and denied Appellant's motion for summary judgment.

We affirm the district court's judgment for the reasons stated in the district court's memorandum opinion, which is published at ___ F. Supp. 2d ___, No. 00-02820-CV-JEC-1, 2005 WL 3738884 (N.D. Ga. January 31, 2005).

AFFIRMED.